IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenneth Daniels, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> West Liberty Foods, L.L.C., <br><br> Defendant. | Case No. 17-CV-6670 <br><br> **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1446(d) and the jurisdictional provisions of the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d)(2) and 1453(b) ("CAFA"), Defendant West Liberty Foods, L.L.C. ("WLF") hereby removes the above-captioned case from the Illinois Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division. In doing so, WLF states as follows:

## BACKGROUND & PROCEDURAL REQUIREMENTS

1.      On August 17, 2017, Plaintiff Kenneth Daniels commenced this putative class action by filing a Class Action Complaint and Demand for Jury Trial ("Class Action Complaint") in the Illinois Circuit Court of Cook County, a court located within this district, under Case Number 2017-CH-11308 (the "State Court Action"). A copy of the Class Action Complaint, summons, and all other process served on WLF in the State Court Action is attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a). Other than the documents included in Exhibit A, no other process, pleadings, or orders have been served upon the Defendant in this action.

2.      The Class Action Complaint asserts two causes of action against WLF: (1) violation of the Illinois Biometric Information Privacy Act ("BIPA"); and (2) negligence. Class Action Complaint, ¶¶ 42-63. The gravamen of Plaintiff's complaint is that WLF failed to

comply with certain provisions of the BIPA, 740 ILCS § 14/1 *et seq.* by not: (1) informing Plaintiff and the Class Members in writing of a specific purpose and length of time for which their fingerprints were being collected, stored, and used; (2) providing a publicly available retention schedule and guidelines for permanently destroying Plaintiff and the Class Members' fingerprints; and (3) receiving written releases from Plaintiff or the Class Members to collect or otherwise obtain their fingerprints. Class Action Complaint, ¶ 5.

3.     This Court is the United States District Court for the district and division in which the state court action is pending. Venue for this removal is therefore proper. *See* 28 U.S.C. §1441(a).

4.     WLF serves this Notice of Removal within 30 days after being served with process in the State Court Action on August 21, 2017. WLF's removal is therefore timely. *See* 28 U.S.C. § 1446(b).

5.     WLF is serving this Notice of Removal on Plaintiff's counsel and filing a Notice of Filing Notice of Removal with the clerk of the Circuit Court of Cook County, attaching a copy of this Notice of Removal. *See* 28 U.S.C. § 1446(d).

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

6.     A defendant has a right to remove a state court action to a federal district court where the district has original jurisdiction over the action. *See* 28 U.S.C. § 1441. CAFA extends federal jurisdiction to all putative class actions in which: (a) there are one hundred (100) or more members of the putative class; (b) there is minimal diversity, *i.e.*, at least one (1) member of the proposed class is a citizen of a state different from any defendant; and (c) the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00. *See* 28 U.S.C.

§§ 1332(d)(2), (5) and (6). Based on the allegations in Plaintiff's complaint, which WLF does not espouse and expressly denies, this case satisfies these requirements.

**A. This Case Is a "Class Action" Which, As Pled, Involves More Than 100 Putative Class Members.**

7. For purposes of § 1332(d), a "class action" is defined as "any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. Plaintiff purports to bring his claims pursuant to 735 ILCS 5/2-801, a state statute authorizing an action by one or more representative persons as a class action. Specifically, Plaintiff alleges that he is bringing claims on behalf of a proposed class of "[a]ll residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by [WLF] while residing in Illinois." Class Action Complaint, ¶ 37.

9. The WLF employees and former employees at WLF's Bolingbrook, Illinois, production facility who are or may be putative class members likely number in excess of 2,000 persons. *See* Waters Aff., ¶ 4, attached as **Exhibit B**.

**B. The Parties Are Diverse.**

10. WLF is a limited liability company, which is as an "unincorporated association" for purposes of CAFA. *Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 927 n.3 (N.D. Ill. 2015); *see also Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 700 (4th Cir. 2010) ("[A] limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10)."). Under 28 U.S.C. § 1332(d)(10), an unincorporated association is

a citizen of the State in which it has its principal place of business and of the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10).

11.    WLF is a limited liability company, organized under the laws of Iowa and with a principal place of business in West Liberty, Iowa. *See* Waters Aff., ¶ 3. WLF is therefore a citizen of Iowa. *See* 28 U.S.C. § 1332(d)(10)

12.    Plaintiff alleges that he is a citizen of Illinois, Class Action Complaint, ¶ 7, and he purports to bring claims on behalf of a class that includes only "residents of the State of Illinois," *id.* ¶ 37.

13.    Because WLF and Plaintiff (and, likely, every putative member of the alleged class) are citizens of different states, the parties are diverse for purposes of § 1332(d).

14.    Because WLF is not a citizen of Illinois, there is no basis from which the Court must decline to exercise jurisdiction pursuant to §§ 1332(d)(4)(A) or (B).

**C.  The Amount In Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.**

15.    For purposes of determining the amount in controversy in a class action under CAFA, "the claims of the individual members shall be aggregated." 28 U.S.C. § 1332(d)(6). While WLF vigorously disputes the validity of Plaintiff's claims and allegations, including but not limited to Plaintiff's and the putative class's entitlement to any damages, and, indeed, WLF asserts that neither Plaintiff nor any putative class member is entitled to any relief as a matter of law, for purposes of determining whether federal jurisdiction exists, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

16.    Without admitting the validity of Plaintiff's allegations and claims, Plaintiff seeks liquidated damages in the amount of $1,000 for himself and each putative class member, for each alleged BIPA violation. Class Action Complaint, ¶ 55. His complaint alleges that WLF violated

the BIPA in multiple ways with regard to each putative class member, including but not necessarily limited to violations including:

- Unlawful collection, storage and use of biometric data, *id.*, ¶¶ 5, 54;

- "[F]ailing to obtain written releases from Plaintiff and the Class before it collected, used and stored their biometric identifiers and biometric information," *id.*, ¶ 50;

- "[F]ailing to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored," *id.*, ¶ 51;

- "[F]ailing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used," *id.*, ¶ 52;

- "[F]ailing to publicly provide a retention schedule or guideline for permanently destroying its customers' biometric identifiers and biometric information," *id.*, ¶ 53.

17.    Plaintiff also alleges "mental anguish and mental injury," *id.*, ¶ 62, and negligence damages for the class in an amount to be calculated at trial, *id.*, ¶ 63.

18.    Based on these allegations, in the aggregate, Plaintiff's putative class claims exceed $5,000,000.00 in value, exclusive of interest and costs, as alleged.

## NON-WAIVER OF DEFENSES

19.    By this Notice of Removal, WLF does not waive any defenses that may be available, including, without limitation, Plaintiff's failure to state a claim or any other defense.

20.     By this Notice of Removal, WLF does not admit any of the allegations in Plaintiff's Class Action Complaint.

## CONCLUSION

21.     For all the foregoing reasons, removal is proper and this Court has original jurisdiction over this case.

WHEREFORE, notice is hereby given that this action is removed from the Illinois Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division.


Date: September 15, 2017

                                        Respectfully submitted,

                                        By:  /s/ Alejandro Caffarelli

                                            Alejandro Caffarelli, #06239078
                                            acaffarelli@caffarelli.com
                                            Caffarelli & Associates, Ltd.
                                            224 S. Michigan Ave., Ste. 300
                                            Chicago, Illinois 60604
                                            Telephone: (312) 763-6880

                                            Ryan E. Mick
                                            mick.ryan@dorsey.com
                                            Dorsey & Whitney LLP
                                            50 South Sixth Street
                                            Minneapolis, MN 55402
                                            Telephone:  (612) 340-2600

                                            *Attorneys for Defendant*
                                            *West Liberty Foods, L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached document, **Notice of Removal**, to be served upon the parties below via U.S. Mail, on September 15, 2017.

Jay Edelson
Benjamin H. Richman
Sydney Janzen
Edelson PC
350 N LaSalle Street, 13th Floor
Chicago, IL 60654

David Fish
John Kunze
The Fish Law Firm, P.C.
200 E Fifth Avenue, Suite 123
Naperville, IL 60563

/s/ Alejandro Caffarelli

Attorney for Defendant